# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL EDGAR WILLIAMS, SANDRA WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL TROEHLER, <br><br> Defendant. | 1:08cv01523 OWW DLB <br><br> ORDER DENYING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO AUTHORIZE RELEASE OF HIS MEDICAL RECORDS AND TO SUBMIT TO AN INDEPENDENT MEDICAL EXAMINATION <br> (Document 30) |

Defendant Michael Troehler ("Defendant") filed the instant motion to compel Plaintiff Randall Edgar Williams to authorize release of his medical records and to submit to an independent medical examination on November 17, 2009. The matter was heard on December 18, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Rosemary McGuire appeared on behalf of Defendant. Rayma Church appeared on behalf of Plaintiffs Randall Edgar Williams and Sandra Williams ("Plaintiffs").

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Randall Williams and Sandra Williams filed the instant complaint pursuant to 42 U.S.C. § 1983 on October 9, 2008. Plaintiffs name Fresno Police Officer Michael J. Troehler and assert claims based on an August 25, 2006, incident.

According to the Complaint, Plaintiff Randall Williams ("Williams") allegedly was grabbed and knocked down by Defendant during a traffic stop. After being knocked to the ground,

1

Defendant allegedly hit or kneed Williams repeatedly on the left ear and the side of his head, causing Williams to suffer a ruptured left ear drum, several floating bone chips in his cervical spine, multiple level cervical disc bulges, torn ligaments in both wrists and facial lacerations.

On February 23, 2009, Plaintiffs filed a First Amended Complaint ("FAC"). The FAC asserts claims for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983, assault and battery, intentional infliction of emotional distress and negligence.

On July 22, 2009, Defendant subpoenaed psychiatric/psychological records from Williams' mental health provider, Dwight W. Sievert, M.D. Dr. Sievert objected to disclosure absent a signed authorization from Williams.

After meet and confer efforts, on August 21, 2009, Williams' counsel represented that she would have her client sign the authorization form, obtain the records for review and produce non-privileged documents to Defendant, along with a privilege log.

On September 22, 2009, Williams' counsel sent correspondence and provided documents to Defendant. However, counsel indicated that documents relating to mental health treatment were absent "as Plaintiff has ... withdrawn his claim relating to an exacerbation of a pre-existing psychiatric condition as well as his emotional distress claim for specific psychiatric injury." Exhibit A to Opposition to Motion to Compel.

Plaintiffs also provided further responses to Defendant's request for production of documents. In the response, Williams stated that he "hereby withdraws any claim for an exacerbation of a pre-existing psychological or emotional condition including any claim for specific psychiatric injury. Plaintiff will continue to assert a 'parasitic' claim for emotional distress/pain and suffering arising from the beating he received by defendant...." Exhibit to Joint Statement.

On October 14, 2009, counsel for the parties discussed the discovery at issue. Williams' counsel objected to producing the records and also objected to an independent medical examination ("IME") of Williams.

On November 17, 2009, Defendant filed the instant motion to compel Williams to authorize release of his medical records and to submit to an IME. Williams filed an opposition on

December 4, 2009. The parties also filed a joint statement on December 11, 2009.

## DISCUSSION

**A.     Discovery of Dr. Sievert's Records**

Defendant seeks discovery of Williams' mental health records in the possession of Dr. Sievert. Williams claims that the records are privileged. Federal courts recognize a psychotherapist privilege. Jaffee v. Redmond, 518 U.S. 1, 12 (1996) (psychotherapist privilege serves the public interest by facilitating appropriate treatment). A plaintiff may waive the privilege if his/her claims put privileged information at issue. See Samaan v. Sauer, 2008 WL 214680, *2 (E.D.Cal. Jan. 24, 2008); see also Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa. 1997).

Two lines of cases have developed addressing when the psychotherapist-patient privilege is waived. Fritsch v. City of Chula Vista, 187 F.R.D. 614, 621 (S.D.Cal. 1999); Samaan, 2008 WL 214680, at *2. Some courts apply a broad test, finding waiver whenever emotional distress damages are sought. See Kirchner v. Mitsui & Co. (U.S.A.), Inc., 184 F.R.D. 124 (M.D.Tenn. 1998) (claim for emotional distress damages waives privilege). Other courts apply a narrower test, "declining to find waiver unless the emotional distress claims are more than mere 'garden variety' or incidental emotional distress damages claims." Samaan, 2008 WL 214680, at *2 (citations omitted); Fritsch, 187 F.R.D. at 632 (S.D.Cal. 1999) (applying narrower test and finding that plaintiff had not placed her mental or emotional condition at issue by claiming to have suffered emotional distress as a result of defendant's actions). Several lower courts in California have applied both views when considering whether the psychotherapist privilege has been waived. See, e.g., Samaan, 2008 WL 214680 at *3; Speaker ex rel. Speaker v. County of San Bernardino, 82 F.Supp.2d 1105, 1119-20 (C.D.Cal. 2000) (as to certain information, finding no waiver under narrow view because patient would not affirmatively introduce evidence about his mental state and no waiver under the broader view because patient had not alleged any facts causing his mental state to be at issue).

Here, the parties do not dispute that the psychotherapist privilege applies to Dr. Sievert's records. Instead, they dispute whether Williams has waived the privilege.

3

Defendant first argues that Williams has waived the psychotherapist privilege by his deposition testimony. At deposition, Williams testified that he suffers from memory loss affecting his ability to work, emotional problems and loss of self-esteem. Plaintiff's Deposition, Exhibit A to Joint Statement, pp. 14:9-15; 193-96. However, the Court does not find that Williams' deposition testimony has waived the psychotherapist privilege. Williams has withdrawn his cause of action for intentional infliction of emotional distress and he has withdrawn any claim of actual psychiatric injury or aggravation of an existing mental health condition. He also is not asserting a wage loss claim arising from a mental injury or a claim for "severe" emotional distress that is greater than a mere parasitic claim. See, e.g., Doe v. City of Chula Vista, 196 F.R.D. 562, 568-69 (C.D.Cal. 1999) (plaintiff sought to recover damages for severe emotional distress and claimed $1,000,000 damage to her emotional health; court concluded that a plaintiff who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim); Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 136 (E.D.Pa. 2001) (plaintiffs alleged in complaint that they suffered significant emotional distress and received treatment for the alleged mental and emotional distress).

Second, Defendant asserts that Williams' preexisting conditions and history of uncontrolled outbursts and aggressive behavior are relevant to Defendant's defense. Williams testified to a preexisting mental condition, including bipolar disorder and depression. Plaintiff's Deposition, pp. 31-34. Williams' treating physician, Dr. Honshik Han, testified that Williams had an "explosive side," threatened office staff and punched the side of truck. See Dr. Han's Deposition Testimony, pp. 53; 54:8; 83:20-25.

Although Williams' preexisting conditions or an alleged history of aggressive behavior may be relevant to Defendant's defense, this is not the test for determining waiver of the psychotherapist privilege. To the extent that Defendant argues he should be able to evaluate Plaintiff's credibility and the reliability of his testimony because he claims to have suffered from memory loss, he was unable to recall important facts at deposition, and the parties' accounts of the incident differ, this is also insufficient to support a waiver. See, e.g., Sims v. Blot, 534 F.3d 117, 141 (2d Cir. 2008) (prisoner action alleging use of excessive force; court rejected disclosure

4

of psychiatric records to assist in testing a plaintiff's credibility and also rejected defendants' arguments for disclosure that due to certain tendencies plaintiff started the fight by attacking correctional officers). Further, Plaintiff is not asserting aggravation of a preexisting condition or seeking damages for a specific psychiatric injury.

Third, Defendant contends that Plaintiff waived the privilege by voluntarily disclosing the content of the communications with Dr. Sievert. Voluntary disclosure of the content of a privileged communication constitutes waiver of the privilege as to all communications on the subject. See Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 24 (9th Cir. 1981) (discussing waiver of privileged attorney communication). Here, Plaintiff testified at deposition that his wife was present at every appointment that he had with Dr. Sievert. See Plaintiff's Deposition Testimony, p. 199:8-200:9. Williams contends that his wife merely acted as his agent in recalling and adhering to Dr. Sievert's instructions and directives. Accordingly, the presence of Williams' spouse during counseling did not waive the privilege because it appears that she was participating for purposes of Williams' treatment. See, e.g., Siegfried v. City of Easton, 146 F.R.D. 98, 101 (E.D. Pa. 1992) (psychologist-patient privilege does not apply if a communication is disclosed to a third party not involved in the patient's treatment).

Insofar as Defendant argues that the court must balance the interests of the Plaintiff in preserving his privacy rights with the interest of justice in maintaining fairness, this argument is without merit. Defendant relies on cases involving privacy rights and not the psychotherapist privilege. Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995); Ferell v. Glen-Gery Brick, 678 F.Supp. 111, 112 (E.D.Pa. 1987); Fritsch, 196 F.R.D. at 569 (court did not "balance" the patient's privacy interest against the defendant's need for information, but recognized that if the patient desired the jury to compensate her for damage to her emotional condition, the defendant was entitled to explore the circumstances that caused that injury).

**B.     Independent Medical Examination**

Defendant also seeks an IME of Williams pursuant to Federal Rule of Civil Procedure Rule 35. In relevant part, Rule 35(a) provides:

> **(1) *In General*.** The court where the action is pending may order a party whose mental or

physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Accordingly, to justify a mental examination under Rule 35, Defendant must demonstrate (a) that Plaintiff has placed his mental condition "in controversy," and (b) "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104 (1964). "Good cause" generally requires a showing of specific facts justifying discovery. Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove his claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress. See Turner v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995) (expert testimony); Ragge, 165 F.R.D. at 608 (ongoing emotional distress); Schlagenhauf, 379 U.S. at 118-119 (availability by other means).

Even if good cause is shown, it is still within the court's discretion to determine whether to order an examination. Stinchcomb v. United States, 132 F.R.D. 29, 30 (E.D.Pa.1990). Although the rule is to be construed liberally to allow the examination, the court must take into account the interest of the party to be examined in avoiding unnecessary invasion of privacy balanced against the moving party's right to a fair trial. Curtis v. Express, Inc., 868 F.Supp. 467, 468 (N.D.N.Y.1994).

Here, Defendant argues that the need for an IME outweighs the privacy rights of Williams because (1) Williams has alleged memory loss resulted from this incident and the causation and extent of that memory loss cannot be explored without this examination; (2) the emotional injuries alleged by Williams are ongoing; and (3) Williams claims that his memory loss prohibits him from testifying accurately.

In opposition, Plaintiff contends that because he withdrew his claim for severe emotional distress or specific psychiatric injury, Defendant cannot satisfy the "in controversy" requirement of Fed. R. Civ. P. 35. Plaintiff asserts that if he does not allege a separate claim for relief for emotional distress, a Rule 35 examination is usually not appropriate. Curtis, 868 F.Supp. at 469.

The court in Turner, 161 F.R.D. at 95, analyzed cases permitting a mental examination. According to the Turner court, the cases suggest that "courts will order plaintiffs to undergo

mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a)." Id. at 95.

In this case, Turner is not satisfied because (1) Williams is not asserting a cause of action for intentional or negligent infliction of emotional distress; (2) he is not alleging a specific mental or psychiatric injury or disorder; (3) he has not alleged unusually severe emotional distress; (5) he does not plan on offering expert testimony to support an emotional distress claim; and (6) he does not concede that his mental condition is in controversy.

## **CONCLUSION**

Based on the above, the Court DENIES Defendants' motion to compel Williams to authorize release of medical records in the possession of Dr. Sievert and to submit to an independent medical examination.

IT IS SO ORDERED.

Dated:   **January 6, 2010**               /s/ Dennis L. Beck
                                             UNITED STATES MAGISTRATE JUDGE