# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL EDGAR WILLIAMS, SANDRA WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL TROEHLER, <br><br> Defendant. | 1:08cv01523 OWW GSA <br><br> ORDER DENYING DEFENDANT'S MOTION TO COMPEL <br><br> (Document 53) |

**Introduction**

On May 19, 2010, Defendant Michael Troehler, ("Defendant") filed a Motion to Compel the production of medical records of Plaintiff Randal Edgar Williams. (Doc. 53). On June 4, 2010, Plaintiff filed an opposition to the motion. (Doc. 56). The parties submitted a Joint Statement re: Discovery Disagreement on July 11, 2010. (Doc. 57). The matter was heard on June 18, 20010, before the Honorable Gary S. Austin, United States Magistrate Judge. Rosemary McGuire appeared on behalf of Defendant. Rayma Church appeared on behalf of Plaintiff Randall Edgar Williams ("Plaintiff"). Upon consideration of the pleadings, the Motion to Compel is DENIED.

**Background**

*A.     Procedural History*

Plaintiffs Randall Williams and Sandra Williams filed the instant complaint pursuant to 42 U.S.C. § 1983 on October 9, 2008.  Plaintiffs name Fresno Police Officer Michael J. Troehler and assert claims based on an August 25, 2006, incident.

According to the complaint, Plaintiff allegedly was grabbed and knocked down by Defendant during a traffic stop.  After being knocked to the ground, Defendant allegedly hit or kneed Plaintiff repeatedly against the car and the side of his cervical spine, resulting in multiple level cervical disc bulges, torn ligaments in both wrists and facial lacerations.  On February 23, 2009, Plaintiff filed a First Amended Complaint asserting, *inter alia*, claims for intentional infliction of emotional distress.[1] (Doc. 13).

Defendant attempted to subpoena psychological records from Plaintiff's mental health provider, Dwight W. Sievert, M.D.  Dr. Sievert objected to disclosure absent a signed authorization from Plaintiff.  Subsequently, Plaintiff withdrew his emotional distress claim relating to an exacerbation of a pre-existing psychiatric condition and specific psychological injury.  Plaintiff's counsel refused to produce any discovery relating to his psychological history.  This prompted Defendant to file a Motion to Compel Plaintiff to authorize release of his medical records and submit to an independent medical examination ("IME") on November 16, 2009. (Doc. 28).

On January 7, 2010, Judge Beck denied Defendant's motion.  (Doc. 35).  Judge Beck held that Plaintiff's withdrawal of his emotional distress claim along with his claims for actual psychological injury or aggravation of an existing mental health condition were insufficient to waive the psychotherapist-therapist privilege.  *Id*. at 4-5.  Furthermore, an IME was not justified because: (1) Plaintiff withdrew his emotional distress claim; (2) he was not alleging a specific mental or psychiatric injury or disorder; (3) he did not allege unusually severe emotional distress; (4) he did not plan to offer expert testimony to support an emotional distress claim; and (5) he

---

[1]  Plaintiff Sandra Williams is not a named Plaintiff in the First Amended Complaint.

2

did not concede that his mental condition is in controversy. *Id*. at 6-7.[2]

Subsequently, on February 5, 2010, the discovery deadlines were amended based on the parties' stipulation. (Doc. 40). The following deadlines were established:

- Non-expert discovery cut-off: March 26, 2010
- Expert Disclosure: March 26, 2010
- Supplemental Expert Disclosure: April 9, 2010
- Expert Discovery Cut-Off: April 30, 2010
- Dispositive and Non-Dispositive Motion Filing Deadline: May 21, 2010

The pre-trial conference date remains as scheduled for July 5, 2010, and the trial is scheduled for August 30, 2010. (Doc. 23).

B.   *Defendant's Motion to Compel*

Defendant's Motion to Compel seeks the Production of medical records pertaining to medications prescribed by Dr. Sievert for the past eleven years. The basis for the motion is that Defendant's retained experts, Harold Seymour, M.D., and Paul Markovitz, M.D., need to evaluate whether the medication side effects, in particular benzodiazepines, may be the cause of some of Plaintiff's injuries at issue in this lawsuit. Specifically, Dr. Markovitz requires access to the records so that he can formulate an accurate opinion that includes all the medications that were prescribed at various times, including those prescribed by Dr. Sievert. Defendant argues that this information was not requested previously because the need for the information only became apparent after the experts completed their initial assessments in March 2010. Defendant also contends the information requested is not covered by the psychotherapist privilege and is different from the previous Motion to Compel because the request is for Plaintiff sign an authorization to release information related only to his medications. Moreover, Defendant has already received much of the information via a subpoena from Plaintiff's pharmacy the Medicine Shoppe, to which Plaintiff did not object so any privilege would be waived. Finally, the medications Plaintiff is taking is relevant to his credibility because during Plaintiff's deposition

---

[2] Judge Beck recused himself. The case was reassigned to this Court on March 16, 2010. (Doc. 46).

3

he denied the use of any potentially addictive medications, yet a review of his medical records by Dr. Markovitz revealed that Plaintiff was using a number of addictive controlled substances before and after his injuries occurred.

Plaintiff opposes the motion on the basis that the discovery deadlines have passed, and the information serves no purpose since Plaintiff's medical records have been produced. Plaintiff was deposed in October 2009, and Defendant was put on notice at that time that Plaintiff was taking medications. If Defendant needed more information regarding Plaintiff's prescriptions, the request should have been made much sooner. Additionally, Defendant has obtained a list of Plaintiff's medications from his pharmacy, The Medicine Shoppe, via subpoena for all medications he has taken between 2003 until 2009 which provides ample information upon which the doctors can base their opinion. Plaintiff also contends that the medical experts have already produced their reports. Allowing additional discovery will likely result in new opinions that Plaintiff will not have time to rebut in light of the August 2010 trial date. Finally, Plaintiff cites to Judge's Beck's order denying Defendant's previous Motion to Compel, stating that the information is covered by the psychotherapist privilege and the instant motion is an improper attempt to reconsider Judge Beck's prior order.

**Discussion**

Fed. R. Civ. P. 26(b)(1) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
> *Id*.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action that is not privileged.

As a preliminary matter, the Court finds that the psychotherapist privilege would normally preclude the release of this information since Dr. Sievert prescribed medications related

4

to psychological conditions. In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the United States Supreme Court formally recognized the psychotherapist-patient privilege. The Court specifically held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure . . ." *Jaffee*, 518 U.S. at 15. The Court also recognized, without any further elaboration, that this privilege may be waived by the patient. *Id*. at 15 n.14.

As noted by Judge Beck, Plaintiff did not waive the privilege because he "has withdrawn his cause of action for intentional infliction of emotional distress and he has withdrawn any claim of actual psychiatric injury or aggravation of an existing mental health condition." (Doc. 35 at 4). See, e.g., Doe v. City of Chula Vista, 196 F.R.D. 562, 568-69 (C.D.Cal. 1999) (plaintiff sought to recover damages for severe emotional distress and claimed $1,000,000 damage to her emotional health; court concluded that a plaintiff who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim); Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 136 (E.D.Pa. 2001) (plaintiffs alleged in complaint that they suffered significant emotional distress and received treatment for the alleged mental and emotional distress).

In this case, dismissal of the Plaintiff's emotional distress claims did not waive the privilege, however, Plaintiff did waive the privilege with regard to his prescriptions by not objecting to the subpoena served on the Medicine Shoppe. Notwithstanding the waiver, the Court agrees with Plaintiff that allowing additional discovery at this juncture is not appropriate given the fact that the pretrial conference is July 5, 2010, and the trial is August 30, 2010. Here, Defendant has already obtained information regarding the history of Plaintiff's prescriptions for the relevant time - a period that includes three years prior and three years subsequent to the incident in question. Defendant also has Plaintiff's other medical records. Thus, the experts have enough information to formulate an opinion without resulting in any additional delay or prejudice to Plaintiff. Defendant's request for medications taken by Plaintiff for the eleven year period he was being treated by Dr. Sievert is too broad given all of the circumstances.

///

## Conclusion

Based on the above, the Court DENIES Defendants' Motion to Compel Williams to authorize a release of a list of his prescriptions.

IT IS SO ORDERED.

Dated:   **June 23, 2010**                              /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE