Rosemary T. McGuire, Esq.   Bar No. 172549
Leslie M. Dillahunty, Esq.   Bar No. 195262

WEAKLEY, ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendant, MICHAEL TROEHLER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL EDGAR WILLIAMS, SANDRA WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL J. TROEHLER, City of Fresno Police Officer,<br><br>Defendant. | CASE NO. 1:08-CV-01523-OWW-GSA<br><br>**STIPULATION AND ORDER REGARDING SUBMISSION OF DEPOSITION OF DARREN HISE FOR IN CAMERA REVIEW**<br><br>Trial Date: August 31, 2010 |

**I**

**Introduction**

The parties hereby request that the court conduct an in camera review of the deposition of Darren Hise. Mr. Hise is an expert designated by plaintiff on the issue of police procedures. He has recently given a deposition in the case of <u>Muldrew v. County of Fresno</u>, Case No. 1:09 CV-00023 OWW-DLB, a lawsuit in which he is a plaintiff. Defense counsel requested a copy of the deposition through Kim Thayer & Associates Court Reporters. The parties were advised of the request and Rayma Church, who represents Mr. Hise in his action against the County of Fresno and Mr. Williams in the instant action, objected to disclosure. Counsel for the parties met and conferred and have agreed to submit the deposition of Mr. Hise to the Court for an in-camera review to determine those portions that can be released to defense counsel.

---
Stipulation Regarding Submission of
Deposition of Darren Hise for In Camera Review

## II

## Positions of the Parties

Plaintiff's Position:

It is the position of plaintiff's counsel that Mr. Hise's deposition in his employment action contains substantial amounts of personal and confidential information, including information relating to his medical care, which is not subject to disclosure.

Defense Position:

Mr. Hise holds himself out as an expert on issues related to police training, misconduct, and crime/accident reconstruction. His "expertise" is based on his tenure with the California Highway Patrol and his employment as a criminal defense investigator with the Fresno County Public Defender's Office. It is defendant's position that Mr. Hise's deposition testimony is relevant because it provides information relating to his background, training, and experience which cannot be separated from the substance of his proposed expert opinion. See Intermedics, Inc. v. Ventritex Co. Inc., 139 F.R.D. 384, 395 (N.D. Cal. 1991). In addition, the deposition testimony is relevant as it goes to Mr. Hise's credibility and reliability which are proper grounds for defense counsel to question an expert. Defendant should be allowed to challenge the expert witnesses reliability based on his prior deposition testimony relating to employment upon which he is basing his expertise. Because Mr. Hise is basing his testimony on his experience and knowledge gained with his former employer, the California Highway Patrol and his current employer, Fresno County, the defense should be allowed access to sworn testimony regarding his employment and present evidence based on that employment which may challenge his reliability, credibility and potential bias.

The United States Supreme Court when addressing the application of the Daubert's gatekeeping requirement for expert testimony stated "[i]t is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

///

///

1   California also law recognizes the right of a party to challenge the credibility and reliability
2   of an expert through his background and experience within the field of claimed expertise.  See
3   People v. Dawkins, 10 Cal.App.4th. 565, 569 (1992).

### III
### Conclusion

6   The parties request that the court review, in-camera, the deposition of Mr. Hise and determine
7   which portions of the transcript should be disclosed.  If the court is agreeable to this request, the
8   deposition will be provided and a date and time convenient for the court.
9   Respectfully submitted,

11  DATED: June 18, 2010
                                                WEAKLEY, ARENDT & McGUIRE, LLP

                                        By:     /s Rosemary T. McGuire
                                                Rosemary T. McGuire
                                                Attorney for Defendant

16  DATED: June 18, 2010
                                                EMERSON, COREY, SORENSEN,
                                                CHURCH & LIBKE

                                        By:     /s/ Rayma Church
                                                Rayma Church
                                                Ryan Libke
                                                Attorneys for Randall Williams and
                                                Darren Hise

### ORDER

23  Upon a review of the stipulation of the parties, the Court agrees to complete an *in camera*
24  review of the deposition transcript of Darren Hise.  However, Defense counsel has previously
25  indicated that a large portion of the deposition transcript is already public record as portions were
26  filed in an opposition to a Motion for Summary Judgment in *Muldrew v. County of Fresno*, Case No.
27  1:09 -cv-00023 OWW DLB.
28  Accordingly, within five days of this order, defense counsel shall identify which pages of the

---

Stipulation Regarding Submission of
Deposition of Darren Hise for In Camera Review         3

1  transcript he already has in his possession.  Similarly, within five days of this order, Plaintiff shall
2  specifically identify which portions of the transcript he believes should not be released to Defendant
3  by identifying the line and page number of the deposition transcript, as well as the basis for each
4  objection.  Plaintiff shall make arrangements to deliver the deposition transcript within five days of
5  this order so the Court can review the material.  Alternatively, the Court will entertain signing a
6  stipulated protective order if the parties agree that the material is discoverable but is not suitable for
7  public disclosure.

8      IT IS SO ORDERED.

9      **Dated:**   **June 23, 2010**           /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28